UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
JOSEPH WALLS, ET AL.,                            :      CASE NO. 1:15-CV-00564
                                                 :
        Plaintiffs,                              :
                                                 :
v.                                               :      OPINION & ORDER
                                                 :      [Resolving Doc. 5]
HOST INTERNATIONAL, INC., ET AL.,                :
                                                 :
        Defendants.                              :
                                                 :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, Plaintiffs Joseph Walls, Dawn Stiger, David Hill, and Melinda Sexton seek to recover unpaid overtime wages they are allegedly owed.[1/] Defendants Host International, Inc., and HMS Host Tollroads, Inc.,[2/] move the Court to sever and dismiss Plaintiffs' claims as improperly joined.[3/] For the following reasons, the Court **DENIES** Defendants' motion.

## I. Background

### A. Factual Allegations and Theory of the Case

Defendants operate food and beverage concessions at airports and other travel facilities, such as highway rest stops, throughout the country.[4/] At these locations, they operate restaurants like Burger King, Quiznos, Starbucks, and Cinnabon, as well as Travel Marts. The four Plaintiffs in this case worked as "assistant unit managers" at these restaurants and Travel Marts at various locations. Plaintiff Walls worked at the Cleveland Hopkins International Airport; Plaintiff Stiger worked at the

---

[1/] Doc. 18.

[2/] The initial complaint also named as defendants HMSHost Corporation and Host Services of New York, Inc. *See* Doc. 1. Plaintiffs have since filed an Amended Complaint that only alleges claims against the two remaining defendants specified above. *See* Doc. 18.

[3/] Doc. 5. Plaintiffs oppose. Doc. 11. Defendants have filed a reply. Doc. 13.

[4/] *See* Doc. 18 at ¶ 22.

Case No. 1:15-CV-00564
Gwin, J.

Erie Islands Travel Plaza in Clyde, Ohio; Plaintiff Hill worked at an unspecified location near Blacklick, Ohio; Plaintiff Sexton worked at a Travel Plaza in Beckley, West Virginia (though she currently resides in Ohio).[5]

Defendants have a corporate policy of classifying assistant unit managers as exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA").[6] Plaintiffs allege that this classification was incorrect, because the job duties they actually performed were primarily non-exempt labor rather than exempt management work.[7] Plaintiffs' work activities included "bussing tables, cleaning the restaurants, . . . checking inventory, cashiering, cooking[,] and helping customers."[8] Plaintiffs say that they therefore should have received overtime pay.

## B. Procedural History and Motion to Sever

This is not the first court to have dealt with this case. On August 2, 2010, Easton Stevens filed an FLSA collective action in the Eastern District of New York on behalf of Defendants' assistant unit managers.[9] The *Stevens* case sought unpaid overtime wages. Plaintiffs joined the *Stevens* collective action.[10] On August 27, 2014, the Eastern District of New York decertified the *Stevens* collective action because the differences in each employee's work experience made the group not "similarly situated."[11] Plaintiffs' claims were accordingly dismissed without prejudice, and they filed this action.

In this case, Plaintiffs do not seek to proceed as a collective action. Instead, these four

---

[5] *Id.* at ¶¶ 8–18.
[6] *Id.* at ¶ 34; *see* 29 U.S.C. § 213(a)(1).
[7] *See* Doc. 18 at ¶¶ 31, 35–38.
[8] *Id.* at ¶ 27.
[9] *See* Complaint, *Stevens v. HMSHost Corp.*, No. 10-cv-03571 (E.D.N.Y. Aug. 2, 2010), ECF Doc. 1.
[10] *See* Doc. 18 at 2 n.1.
[11] *See Stevens v.HMSHost Corp.*, No. 10-cv-3571, 2014 WL 4261410, at *5–8 (E.D.N.Y. Aug. 27, 2014).

Case No. 1:15-CV-00564
Gwin, J.

Plaintiffs have merely joined their individual FLSA overtime claims together in one lawsuit. In addition, Plaintiff Walls also brings a claim for unpaid overtime wages under Ohio law, which largely overlaps with his FLSA claim.

## II. Legal Standard

Under Federal Rule of Civil Procedure 21, the Court may, in its discretion and "on just terms," drop a party that has been improperly joined in an action, and "may also sever any claim against a party."[12] Misjoinder occurs when the parties fail to satisfy the conditions for permissive joinder under Federal Rule of Civil Procedure 20(a).[13]

Federal Rule of Civil Procedure 20(a)(1) allows multiple plaintiffs to be joined in one action if their claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all plaintiffs will arise in the action."[14] Rule 20 allows for district courts to "entertain[] the broadest possible scope of action consistent with fairness to the parties."[15] "Joinder is encouraged because it avoids multiple lawsuits involving similar or identical issues."[16]

## III. Analysis

With this motion, Defendants move to sever and dismiss the claims of the four Plaintiffs for

---

[12] *See* Fed. R. Civ. P. 21; 7 Wright & Miller, Federal Practice & Procedure Civil § 1683 (3d ed. 2015).

[13] *Coal. to Defend Affirmative Action v. Regents of the Univ. of Mich.*, 701 F.3d 466, 489 (6th Cir. 2012) (en banc) (citing *Glendora v. Malone*, 917 F. Supp. 224, 227 (S.D.N.Y. 1996)), *rev'd sub nom on other grounds*, *Schuette v. Coal. to Defend Affirmative Action*, 134 S. Ct. 1623 (2014); *see Payne v. Corr. Corp. Of Am.*, 194 F.3d 1313, 1999 WL 970295, at *2 (6th Cir. Oct. 15, 1999) (unpublished table opinion) (citing *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988)) (affirming severance of claims that did not meet the requirements of Fed. R. Civ. P. 20(a)).

[14] Fed. R. Civ. P. 20(a)(1).

[15] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

[16] *Pasha v. Jones*, 82 F.3d 418, 1996 WL 185786, at *1–2 (6th Cir. Apr. 17, 1996) (unpublished table opinion); *see Crutcher v. Kentucky*, 961 F.2d 1576, 1992 WL 98020, at *3 (6th Cir. May 11, 1992) (unpublished table opinion) (citing *Gibbs*, 383 U.S. at 724).

-3-

Case No. 1:15-CV-00564
Gwin, J.

being improperly joined. Defendants argue that the same issues identified by the Eastern District of New York in decertifying the *Stevens* collective action—essentially, that each Plaintiff experienced different working conditions and may have had different responsibilities—are present here. Defendants say these individual issues will require individualized proof as to whether each Plaintiff was properly classified as exempt from overtime, and therefore their claims should be severed and all but Plaintiff Walls's claim dismissed. Defendant largely argues that the same standard controls motions to decertify collective actions controls motions for misjoinder. But, it does not.

The second part of the Rule 20(a)(1) analysis—that there be a question of law or fact common to all plaintiffs—is easily satisfied in this case.[17] All Plaintiffs were subject to Defendants' policy of being considered exempt from the overtime requirements of the FLSA. Plaintiffs will all need to address the same question of what the controlling legal standard is, and explain why Defendants' classification was incorrect under that standard. That Plaintiff Walls has an additional claim under Ohio law does not diminish the common questions that arise from all four Plaintiffs' FLSA claims, especially since Ohio law incorporates the FLSA's exemptions by reference.[18] Nor does this analysis turn on the need of each Plaintiff to present some evidence regarding individual working conditions. Rule 20(a)(1) only requires that at least one question of law or fact be common to all the plaintiffs; it does not require that every question be shared.[19]

The harder Rule 20(a)(1) question in this case is whether Plaintiffs' claims all arise out of the same series of transactions or occurrences. Defendants put a great deal of weight on the

---

[17] *See* Fed. R. Civ. P. 20(a)(1)(B).
[18] *See* Ohio Rev. Code § 4111.03(A).
[19] 7 Wright & Miller, Federal Practice & Procedure Civil § 1683 (3d ed. 2015).

Case No. 1:15-CV-00564
Gwin, J.

decertification decision in the *Stevens* case, where the court found that the differences in job duties made the claims and defenses "not amenable to generalized or representative proof."[20]

But the severance issues differ from collective action issues. Because this is not a collective action, Plaintiffs cannot proceed by generalized or representative evidence. Each Plaintiff will have to prove his or her own claim. The question, then, is whether there is sufficient overlap between those claims to deny the Plaintiffs' decision to jointly file their claims.

The "series of transactions or occurrences" analysis is a flexible standard that "enables the federal courts to promote judicial economy by permitting all reasonably related claims for relief . . . to be tried in a single proceeding."[21] As such, many courts "find that claims arise our of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and the court."[22] In general, Rule 20 only prevents joinder of "wholly unrelated" claims.[23] There is no bright line rule for this determination; rather, case by case analysis is needed.[24]

Defendants argue that Plaintiffs all worked at different locations, with different managers, and that they therefore may have been subject to different working conditions. But this argument presents two problems. First, there is not yet evidence as to exactly what working conditions each Plaintiff experienced. It may very well turn out that these four Plaintiffs are more similar than the few collective action members who were deposed in the *Stevens* case. Second, even with some

---

[20]*Stevens*, 2014 WL 4261410, at *8.

[21]7 Wright & Miller, Federal Practice & Procedure Civil § 1683 (3d ed. 2015); *see also Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

[22]7 Wright & Miller, Federal Practice & Procedure Civil § 1683 (3d ed. 2015).

[23]*See Michaels Bldg. Co.*, 848 F.2d at 682.

[24]*Mosley.*, 497 F.2d at 1333.

Case No. 1:15-CV-00564
Gwin, J.

differences between the Plaintiffs' working conditions, they all flow from Defendants' policy to classify them as exempt from FLSA overtime requirements. Thus, Defendants have engaged in a singular pattern of conduct with respect to their treatment of all four Plaintiffs. That is enough to make joinder proper, even though there are some facts that are unique to each Plaintiff.[25]

Furthermore, it is more efficient for these claims to proceed together than it would be to have four separate lawsuits. Although Plaintiffs will certainly need to present individual evidence, they will also be relying on the same evidence regarding Defendants' corporate policies. Making each Plaintiff conduct his or her own action would require additional time, effort, and expense for both the parties and the Court.

At the same time, the Court recognizes the concerns arising from the *Stevens* decision. If the evidence uncovered during discovery ultimately suggests that the four Plaintiffs' claims should not be tried together, Defendants may make an appropriate motion for separate trials.[26] But until then, the case will proceed as is.

---

[25] *Cf., e.g.*, *United States v. Mississippi*, 380 U.S. 128, 142–43 (1965) (a common practice among six county registrars of preventing black citizens from exercising voting rights satisfied the series of transactions or occurrence requirement of Rule 20(a)); *Crutcher*, 961 F.2d 1576 (finding joinder of claims proper when there were "common threads" to both plaintiffs' claims, even though the claims were not identical and the plaintiffs suffered different harms).

[26] *See* Fed. R. Civ. P. 42(b).

-6-

Case No. 1:15-CV-00564
Gwin, J.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion to sever and dismiss Plaintiffs' claims.

IT IS SO ORDERED.


Dated: August 4, 2015            s/       *James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE