UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                  :
JOSEPH WALLS, ET AL.,                             :     CASE NO. 1:15-CV-00564
                                                  :
            Plaintiffs,                           :
                                                  :
v.                                                :     OPINION & ORDER
                                                  :     [Resolving Doc. Nos. 24, 25, 26, 27]
HOST INTERNATIONAL, INC., ET AL.,                 :
                                                  :
            Defendants.                           :
                                                  :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiffs Joseph Walls, Dawn Stiger, David Hill, and Melinda Sexton seek to recover unpaid

overtime wages from Defendants Host International, Inc. and HMS Host Tollroads, Inc.[1]

Defendants employed Plaintiffs at their airport concessions and highway travel plazas in Ohio and

West Virginia. Defendants move for summary judgment as to all Plaintiffs.[2] For the following

reasons, the Court **DENIES** Defendants' motion.


# I. Background

    Defendants operate food and beverage concession stores at airports, highway rest stops, and

other travel facilities throughout the country.[3] Defendants operate restaurants like Burger King,

Quiznos, Starbucks, and Cinnabon, as well as Travel Marts. The four Plaintiffs in this case worked

as assistant unit managers ("assistant managers") at these restaurants and Travel Marts at various

locations. Defendants classified assistant managers, including Plaintiffs, as exempt from the

---

[1]/Doc. 18.
[2]/Docs. 24, 25, 26, 27. Plaintiffs oppose. Docs. 31, 32. Defendants replied. Docs. 33, 34, 35, 36.
[3]/See Doc. 18 at 4.

Case No. 1:15-CV-00564
Gwin, J.

overtime pay requirements of the Fair Labor Standards Act ("FLSA").[4/] Defendants paid Plaintiffs on a salary basis and did not pay any overtime.

Plaintiff Walls works for Defendants at the Cleveland Hopkins International Airport. Before filing this lawsuit Walls worked 50 to 60 hours per week. Walls typically spent about 90 per cent of his working time on manual tasks.[5/]

Until 2012, Plaintiff Stiger worked at the Erie Islands Travel Plaza in Clyde, Ohio. She worked 50 to 60 hours per week during her employment. Stiger spent about 95 per cent of her working time on manual tasks.[6/]

Until 2012, Plaintiff Sexton worked at a Travel Plaza in Beckley, West Virginia. She currently resides in Ohio.[7/] While employed, Plaintiff Sexton worked an average of 70 to 75 hours per week with about 90 per cent of her time spent on manual tasks.

Until 2011, Plaintiff Hill worked for Defendants at Port Columbus International Airport. Plaintiff Hill typically worked 50 hours per week, but would sometimes work more. Hill spent about 80 per cent of his work on manual tasks.[8/]

Plaintiffs claim that their primary work responsibilities were manual tasks similar to non-exempt hourly employees.[9/] The tasks Plaintiffs regularly performed included "bussing tables, cleaning the restaurants, . . . checking inventory, cashiering, cooking[,] and helping customers."[10/]

---

[4/] 29 U.S.C. § 201 et seq.
[5/] Doc. 24-2 at 22.
[6/] Doc. 25-2 at 22.
[7/] Doc. 27-2 at 6.
[8/] Doc. 26-5 at 21.
[9/] See Doc. 18 at 5.
[10/] Id. at 4.

Case No. 1:15-CV-00564
Gwin, J.

Plaintiffs admit performing some amount of managerial work, though all the Plaintiffs say that this work was sparing and infrequent compared to the manual tasks Plaintiffs performed.

Defendants argue that Plaintiffs were exempt from the overtime requirements of the FLSA because Plaintiffs' employment fell under either the executive exemption,[11/] the administrative exemption,[12/] or both.[13/] Defendants argue that Plaintiffs' main work duties were to manage their retail concepts and that Plaintiffs managed other employees at the same time that Plaintiffs performed manual tasks.

## II. Procedural History

Other district courts have addressed Plaintiffs' claims. On August 2, 2010, Easton Stevens filed an FLSA collective action in the Eastern District of New York. Stevens sought unpaid overtime wages on behalf of assistant managers at Host.[14/] Plaintiffs joined the *Stevens* collective action.[15/] On August 27, 2014, the *Stevens* court decertified the collective action because the differences in each employee's work experience made the group not "similarly situated."[16/] That court dismissed Plaintiffs' claims without prejudice. Plaintiffs then filed this action on March 23, 2015.

Plaintiffs do not seek to proceed as a collective action in this case. Instead, these four Plaintiffs join their individual FLSA overtime claims in one lawsuit. In addition, Plaintiff Walls

---

[11/] 29 U.S.C. § 213(a)(1) ("The provisions of . . . section 207 of this title shall not apply with respect to (1) any employee employed in a bona fide executive . . . capacity.").

[12/] *Id.* ("The provisions of . . . section 207 of this title shall not apply with respect to (1) any employee employed in a bona fide . . . administrative . . . capacity.").

[13/] *See* 29 C.F.R. § 541.708.

[14/] *See* Doc. 5-2 (compl., *Stevens v. HMSHost Corp.*, No. 10-cv-03571 (E.D.N.Y. Aug. 2, 2010)).

[15/] *See* Doc. 18 at 2, n.1.

[16/] *See Stevens v. HMSHost Corp.*, No. 10-cv-3571, 2014 WL 4261410, at *5–8 (E.D.N.Y. Aug. 27, 2014).

Case No. 1:15-CV-00564
Gwin, J.

brings a claim for unpaid overtime wages under Ohio law,[17/] which largely overlaps with his FLSA claim.[18/]

Defendants move for summary judgment as to each Plaintiff and each claim. With their motion, Defendants argue that Plaintiffs were all exempt employees under the FLSA's executive and administrative exemptions.

Defendants also argue that Plaintiff Hill's claims are barred by the default two-year statute of limitations for FLSA claims.[19/] Defendants argue that there is no genuine dispute that Defendants' classification of Hill as an exempt employee willfully or recklessly violated the FLSA in a way that would extend the limitations period to three years.[20/]

### III. Legal Standard

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment is proper when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[21/] The moving party must first demonstrate that there is an absence of a genuine dispute as to a material fact entitling it to judgment.[22/] Once the moving party has done so, the non-moving party must set forth specific facts in the record—not its allegations or denials in pleadings—showing a triable

---

[17/]Doc. 18 at 9.

[18/]*Hurt v. Commerce Energy, Inc.*, No. 1:12-CV-00758, 2013 WL 4427257, at *3 (N.D. Ohio Aug. 15, 2013) (citing *Douglas v. Argo-Tech Corp.*, 113 F.3d 67 n. 2 (6th Cir. 1997) (noting that Ohio's wage and hour law "parallels the FLSA" and approaching the Ohio law and the FLSA in a "unitary fashion" is appropriate)).

[19/]*See* 29 U.S.C. § 255(a).

[20/]*See id.*

[21/]*Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 580 (6th Cir. 2014) (quoting Fed. R. Civ. Pro. 56(a)).

[22/]*See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

-4-

Case No. 1:15-CV-00564
Gwin, J.

issue.[23] The existence of some doubt as to the material facts is insufficient to defeat a motion for

summary judgment.[24] But the Court views the facts and all reasonable inferences from those facts

in favor of the non-moving party.[25]


# IV. Discussion

*Applicable Statute of Limitations for Plaintiff Hill's FLSA Claims*

Defendants claim that Plaintiff Hill's FLSA claims are untimely because Plaintiffs are not

able to show that Defendants willfully mis-classified Plaintiffs.[26] This Court addressed the

willfulness standard in *Hurt v. Commerce Energy, Inc.* and the discussion can be repeated:

> Generally, FLSA claims are governed by a two-year statute of limitations. But such
> claims may be governed by a three-year statute of limitations where the statutory
> violation was "willful."
>       Under federal law, to establish willfulness, the Plaintiffs must demonstrate
> that [Defendants] either *knew* or showed *reckless disregard* for whether its conduct
> violated the FLSA. Department of Labor regulations say, "an employer's conduct
> shall be deemed *knowing* . . . if the employer received advice from a responsible
> official of the Wage and Hour Division to the effect that the conduct in question is
> not lawful." An "employer's conduct shall be deemed to be in *reckless disregard* of
> the requirements of the Act . . . if the employer should have inquired further into
> whether its conduct was in compliance with the Act, and failed to make adequate
> further inquiry."[27]

Plaintiffs point to the deposition testimony of Defendants' senior human resources executive,

---

[23] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[24] *Id.* at 586.

[25] *Killion*, 761 F.3d at 580. (internal citation omitted).

[26] Doc. 26-1 at 9.

[27] *Hurt v. Commerce Energy, Inc.*, No. 1:12-CV-00758, 2013 WL 4427257, at *10 (N.D. Ohio Aug. 15, 2013)
(citing 29 U.S.C. § 255(a), 29 C.F.R. §§ 578.3(c)(2)-(3), *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988),
*Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 105 (1985)).

Case No. 1:15-CV-00564
Gwin, J.

Coleman Lauterbach, taken as part of the *Stevens*[28] litigation.[29] Plaintiffs also cite to slides from a

Host human resources PowerPoint presentation as evidence that Defendants willfully or recklessly

mis-classified Plaintiffs as exempt employees.[30] Two other district courts have thoroughly addressed

the Lauterbach deposition in the context of motions to dismiss.[31]

After reviewing the Lauterbach deposition, the Court agrees with the conclusions of the

*Boden* and *Liles* courts and finds evidence in the deposition creates a genuine dispute of material fact

as to whether Defendants showed reckless disregard for the requirements of the FLSA. Taken in the

light most favorable to Plaintiff Hill, the deposition could suggest to a reasonable jury that

Defendants' investigation into the actual duties and exempt status of Host assistant managers was

insufficiently rigorous to satisfy the Department of Labor Regulation requirements under 29 C.F.R.

§ 578.3(c)(3).

Defendants are large and complex corporate entities that employ thousands of exempt and

non-exempt employees across many retail plazas and concepts.[32] Despite that complexity,

Defendants never conducted time studies of assistant managers,[33] engaged in Department of Labor

FLSA audits,[34] asked for the advice of counsel regarding the exempt status of the assistant

managers,[35] or even asked the assistant managers how much time they spent performing manual

---

[28]/Docket, *Stevens v.HMSHost Corp.*, No. 10-CV-3571 (E.D.N.Y. filed August 2, 2010).

[29]/Doc. 26-6.

[30]/Doc. 32-2 at 7 (The slide notes read, "[w]hat the heck is right! Lots of our [assistant managers] are running food, running registers, and usually have a rag in their hand!!! Are we all going to Jail? Not necessarily, but I have a drawer full of files I can bake into cakes for you . . . .").

[31]/*Boden v. HMSHost Corp.*, No. 15-CV-00606, 2015 WL 4538417, at *4 (D. Colo. July 28, 2015); Doc. 32-3 (*Liles v. Host International, Inc.*, No. CV-15-00935-PHX-ROS, slip op. at 10 (D. Ariz. Aug. 27, 2015)).

[32]/Doc. 18 at 4.

[33]/Doc. 26-6 at 20.

[34]/*Id.*

[35]/*Id.* at 16.

Case No. 1:15-CV-00564
Gwin, J.

tasks.[36] Defendants never conducted an individualized review of Plaintiff Hill's employment before or after classifying him as exempt.

Assistant managers have job descriptions that Defendants claim "track the [Department of Labor] regulations."[37] Apart from their job descriptions, Defendants used no review to decide whether assistant managers like Hill should have been exempt from the FLSA overtime requirements.  Defendants gave little or no consideration of actual job responsibilities. A reasonable jury could find this lack of investigation to be a reckless disregard for the requirements of the FLSA.

Therefore, the Court finds a genuine dispute of material fact on the issue of willfulness.

The Court **DENIES** Defendants' motion for summary judgment on this issue.

*Executive Exemption to the FLSA Overtime Requirement*

Congress enacted the FLSA, "'to compensate those who labored in excess of the statutory maximum number of hours for the wear and tear of extra work.'"[38] "Consistent with this goal, the Act requires employers to pay their employees time-and-a-half for work performed in excess of forty hours per week."[39]

"Not all employees, however, are protected by [the time-and-a-half] requirement."[40] Among other categories of employees, the FLSA minimum wage requirements do not apply to "any

---

[36]*Id.* at 23 ("Q. . . . There's nowhere on the performance reviews where an assistant manager can state the percentage of time he spent performing exempt versus non-exempt work; correct? A. Correct. Q. HMS Host doesn't ask assistant managers that question; right? A. No. Q. Outside of the performance reviews, HMS Host doesn't ask assistant managers how much time they're spending doing non-exempt versus exempt work; right? A. No.").

[37]Doc. 24-1 at 9.

[38]*Frisby v. Keith D. Weiner & Associates Co.*, No. 1:09-CV-2027, 2010 WL 1630107, at *5 (N.D. Ohio Apr. 21, 2010), (quoting *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 460, 68 S.Ct. 1186, 92 L.Ed. 1502 (1948)).

[39]*Acs v. Detroit Edison Co.*, 444 F.3d 763, 764–65 (6th Cir. 2006) (internal quotations omitted); *see* 29 U.S.C. §§ 206, 207 (2010).

[40]*Hurt*, 2013 WL 4427257, at *3.

-7-

Case No. 1:15-CV-00564
Gwin, J.

employee employed in a bona fide executive [or] administrative . . . capacity."[41/]

Under 29 C.F.R. § 541.100, exempt executive employees are those:

(1) [Who are c]ompensated on a salary basis at a rate of not less than $455 per week[;][42/] . . .
(2) Whose primary duty[43/] is management[44/] of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;[45/]
(3) Who customarily and regularly[46/] directs the work of two or more other employees;[47/] and
(4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.[48/]

Defendants bear the burden of proving that Plaintiffs are exempt from FLSA overtime requirements.[49/] To meet this burden Defendants must show that each Plaintiff meets every aspect of the executive exemption.[50/] Furthermore, "exemptions from FLSA's coverage are narrowly construed against the employer who asserts them."[51/] "[H]ow an employee spends his time is a question of fact, while the question of whether his activities fall within an exemption is a question of law."[52/]

Ohio construes its state law exemptions to its overtime requirements in the same way as the

---

[41/]29 U.S.C. § 213(a)(1).

[42/]Plaintiffs admit that Defendants paid Plaintiffs more than $455 per week. Docs. 31 at 19, n.2, 32 at 17, n. 5.

[43/]See 29 C.F.R. § 541.700.

[44/]See 29 C.F.R. § 541.102.

[45/]See 29 C.F.R. § 541.103.

[46/]See 29 C.F.R. § 541.701.

[47/]See 29 C.F.R. § 541.104.

[48/]See 29 C.F.R. § 541.105.

[49/]*Hurt*, at *3 (citing *Mich. Ass'n of Governmental Employees v. Mich. Dep't of Corr.*, 992 F.2d 82, 83 (6th Cir. 1993)).

[50/]*Id.* (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974)).

[51/]*Id.* (citing *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)).

[52/]*Reich v. Wyoming*, 993 F.2d 739, 741 (10th Cir. 1993); *see also Renfro v. In. Mich. Power Co.*, 233 F.Supp.2d 1174, 1180 (W.D. Mich. 2002); *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1226 (5th Cir. 1990), *Stevens v. HMSHost Corp.*, No. 10-CV-3571, 2015 WL 4645734, at *3 (E.D.N.Y. Aug. 5, 2015).

Case No. 1:15-CV-00564
Gwin, J.

FLSA. Therefore, the Court's FLSA findings apply equally to Plaintiff Walls' claims under the Ohio Wage Act.[53]

Plaintiffs admit that their salary compensation satisfied the salary basis test. The parties otherwise dispute whether Plaintiffs' positions were exempt from overtime pay.

Defendants argue that Plaintiffs are exempt from overtime pay because Defendants employed Plaintiffs as bona fide executives. To support their position, Defendants cite to Plaintiffs' job descriptions,[54] Plaintiffs' deposition testimony,[55] and case law. Defendants claim that Plaintiffs' managerial responsibilities, including supervision, discipline, hiring input, and firing input, qualify Plaintiffs as exempt executive employees.

Plaintiffs admit to performing some managerial tasks. However, Plaintiffs claim that they spent the vast majority of their working time performing manual tasks done by non-exempt hourly employees. These included cooking, working the cash register, and cleaning. Furthermore, Plaintiffs claim that they lacked the authority to hire, fire, discipline, and otherwise manage the hourly employees that a bona fide executive would have.

Plaintiff Walls is not an Executive Employee

**Managerial Duties**

Department of Labor Regulations codified in 29 C.F.R. § 541.102 provide insight into what work duties are managerial in nature. Under § 541.012,

---

[53] *Hurt v. Commerce Energy, Inc.*, No. 1:12-CV-00758, 2013 WL 4427257, at *3 (N.D. Ohio Aug. 15, 2013) (citing *Douglas v. Argo-Tech Corp.*, 113 F.3d 67 n. 2 (6th Cir. 1997) (noting that Ohio's wage and hour law "parallels the FLSA" and approaching the Ohio law and the FLSA in a "unitary fashion" is appropriate)).

[54] Docs. 24-1 at 5, 25-1 at 7, 26-1 at 12, 27-1 at 7.

[55] Docs. 24-2, 24-3, 25-2, 26-5, 27-2.

Case No. 1:15-CV-00564
Gwin, J.

> [g]enerally, "management" includes, but is not limited to, activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.[56]

Taking the evidence in the light most favorable to Plaintiff Walls, Defendants do not show that Plaintiff Walls was a manager under the factors listed in 29 C.F.R. § 541.102.

Walls testified that he spent 90 per cent of his working time performing the same manual work that the non-exempt hourly employees would do.[57] Assuming that Walls was not able to manage other workers while performing these tasks, this leaves only 10 per cent of Walls' working day for managerial duties. However, Walls testified that he did not use the remaining 10 per cent for managerial work. Instead, he performed other "[t]edious work" such as printing forms and posting schedules.[58]

Although Walls interviewed candidates for employment,[59] he did not have the authority to hire or fire any employees.[60] He did not adjust the rates of pay or hours for other employees.[61] Walls

---

[56] 29 C.F.R. § 541.102.

[57] Doc. 24-2, 22.

[58] Id.

[59] Id. at 15.

[60] Id. at 16.

[61] Id. at 22.

-10-

Case No. 1:15-CV-00564
Gwin, J.

was not authorized to promote employees or recommend them for promotion.[62] He could not discipline employees without authorization from a manager.[63]

Walls did not direct the work of other employees, train the employees, apportion the work among employees, set their schedules, or plan for their safety and security.[64] Defendants do not argue that Plaintiff Walls determined work techniques, maintained sales records, set the budget, controlled the inflow or distribution of supplies and equipment, or monitored the operation's legal compliance measures.[65]

Furthermore, there was always a store manager directly above Walls, except for a period of several months when the travel plaza where Walls worked did not have a manager.[66] Except for that brief period, Walls needed to secure manager approval and Walls had little authority to direct other employees. Management regularly evaluated Walls and gave him action plans to improve his work performance.[67] Walls was consistently supervised at his job.

Given the relative unimportance of Walls' managerial duties, the time he spent performing manual tasks, and consistent supervision by management, the Court finds that Defendants do not show that Walls performed managerial functions that qualify him as an exempt executive employee.

Because the exemption does not apply to Plaintiff Walls at the second prong of the test, the Court does not address the remaining prongs of the test. The Court **DENIES** Defendants' motion for summary judgment on this issue.

---

[62] *Id.* at 23.
[63] *Id.* at 10, 20.
[64] *Id.* at 22–23.
[65] *Id.*
[66] *Id.* at 25.
[67] *Id.* at 27.

-11-

Case No. 1:15-CV-00564
Gwin, J.

### Plaintiff Stiger is not an Executive Employee

#### Managerial Duties

After considering the evidence in the light most favorable to Plaintiff Stiger, the Court finds that Defendants have not shown that Stiger is an exempt executive. Defendants do not  show that Plaintiff Stiger was a manager under the factors listed in 29 C.F.R. § 541.102.

Stiger interviewed candidates, but the manager would often ignore Stiger's recommendations.[68] Eventually, Stiger stopped giving recommendations and suggestions.[69] Like Walls, Plaintiff Stiger "wasn't allowed to hire people . . . to terminate people . . . to discipline people . . . [or] to do schedules. I had no authority. So if [Stiger] did something, [Kathy Sullivan, the general manager] had to approve it. She . . . wouldn't let [the assistant managers] make any decisions."[70]

Through most of Plaintiff Stiger's employment, any attempt to discipline other employees fell on "deaf ears."[71] With the exception of sending one employee home in 2011,[72] Stiger was limited to drafting write-ups that the general manager would often ignore.[73]

When Defendants promoted Stiger from non-exempt hourly employee to assistant manager, she testified that the only major responsibility difference was that she had to work at six different restaurants.[74]

Stiger did not train employees.[75] Stiger testified that she stopped trying to perform

---

[68]Doc. 25-2 at 26.

[69]*Id.* at 15.

[70]*Id.* at 7.

[71]*Id.* at 9.

[72]*Id.* at 29.

[73]*Id.* at 33.

[74]*Id.* at 7.

[75]*Id.* at 13–14.

Case No. 1:15-CV-00564
Gwin, J.

managerial functions at some point during her employment.[76] Stiger testified that she drafted schedules for a period of time in 2011, but that the general manager finalized them.[77] Stiger did not set the rate of pay for employees.[78] Stiger only ordered stock for two restaurants when the hourly supervisors normally responsible for stocking the restaurants quit.[79]

There is some evidence that Stiger directed the work of some other employees. Stiger said that part of her job was to make sure that the other employees were working at the right stores.[80]

While Stiger's general manager directed Stiger to fill out numerical employee evaluation forms, Stiger did not recommend promotions and was not authorized to do so.[81]

Defendants do not argue that Stiger was involved with any of the following:

> maintaining production or sales records for use in supervision or control . . . handling employee complaints and grievances . . . planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; [or] monitoring or implementing legal compliance measures.[82]

The record shows that Stiger performed some managerial functions during her employment with Defendants. However, her lack of authority in important managerial areas, such as hiring, firing, disciplining employees, scheduling, and planning, outweigh the relatively unimportant managerial responsibilities that Stiger had. As a result Defendants do not show that Stiger was a bona fide

---

[76]*Id.* at 15.

[77]*Id.* at 22, 27.

[78]*Id.* at 48.

[79]*Id.* at 25.

[80]*Id.* at 43.

[81]*Id.* at 15.

[82]29 C.F.R. § 541.102.

Case No. 1:15-CV-00564
Gwin, J.

executive.

Because the executive exemption does not apply to Stiger at the second prong of the test, the Court does not address the remaining prongs. The Court **DENIES** Defendants' motion for summary judgment on this issue.

<u>Plaintiff Sexton is not an Executive Employee</u>

**Managerial Duties**

Taking the evidence in the light most favorable to Plaintiff Sexton, the Court finds that Defendants have not shown that Sexton is an exempt executive. Defendants do not show that Plaintiff Sexton was a manager under the factors listed in 29 C.F.R. § 541.102.

Sexton interviewed candidates for employment at the travel plaza.[83] Sexton would sometimes give her thoughts about the interviewee to the general manager. However, the general manager would then conduct a second interview and make the final decision on hiring.[84] Plaintiff Sexton did not have the authority to hire or fire anybody.[85] Sexton never recommended anybody for promotion or advancement.[86]

New employees received basic training at a computer terminal when they started their jobs. However, Sexton would also give on-the-job training and coaching to employees.[87]

Sexton drafted schedules for other employees, but the general manager would often revise

_____

[83] Doc. 27-2 at 19.
[84] *Id.* at 19.
[85] *Id.* at 20.
[86] *Id.*
[87] *Id.* at 19, 49.

-14-

Case No. 1:15-CV-00564
Gwin, J.

and always finalize the schedule.[88] Sexton did not set her own schedule.[89]

Sexton sometimes gave work assignments to other employees by using a task planning list.[90] However, these assignments were made by whichever employee opened a store that day, including to non-exempt hourly employees.

Sexton did not have authority to discipline other employees. She had to go to one of the general managers with the issue.[91]

Sexton sometimes placed orders for supplies at the concepts. For example, she put in an order for milk for the Starbucks concept.[92]

Sexton could not decide what prices to charge for items, pick which items to sell or promote, set a budget, determine the dress code, or set the pay rate for employees.[93]

Defendants do not argue that Stiger was involved with any of the following:

> maintaining production or sales records for use in supervision or control . . . handling employee complaints and grievances . . . determining the techniques to be used; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; [or] monitoring or implementing legal compliance measures.[94]

Like Plaintiff Stiger, the record contains some evidence that Sexton performed managerial duties while working for Defendants. However, her lack of authority in important managerial areas, such as hiring, firing, discipline, budgeting, and scheduling, combined with the amount of time

---

[88]*Id.* at 16, 49.

[89]*Id.* at 16.

[90]*Id.* at 13, 16.

[91]*Id.* at 42.

[92]*Id.* at 18, 49.

[93]*Id.* at 52.

[94]29 C.F.R. § 541.102.

Case No. 1:15-CV-00564
Gwin, J.

Sexton spent performing manual tasks and supervision by a manager, outweigh the relatively

unimportant managerial responsibilities that Sexton had.

As a result Defendants do not show that Sexton was a bona fide executive. Because the

executive exemption does not apply to Sexton at the second prong of the test, the Court does not

address the remaining prongs. The Court **DENIES** Defendants' motion for summary judgment on

this issue.

### Plaintiff Hill is not an Executive Employee

#### Managerial Duties

As with Plaintiffs Walls, Stiger, and Sexton, Defendants do not  show that Plaintiff Hill was

a manager under the factors listed in 29 C.F.R. § 541.102.

While Hill believed that he had the authority to hire, he never interviewed any candidates for

employment, hired anybody, or recommended anybody for hiring.[95/] Hill could not unilaterally fire

employees and was never asked for his recommendation on firing any employee. With respect to

discipline, Hill was required to follow Defendants' tiered system of warnings and send all of those

warnings to his manager, Saba Sefefe.[96/] There is some evidence that Hill worked on food safety

issues with the hourly employees.[97/]

Hill could not set or adjust pay rates of employees.[98/] Hill could not schedule hours for

employees.[99/] Hill did not plan the work of other employees, and often planned his own work day

---

[95/]Doc. 26-5 at 36.

[96/]*Id.*

[97/]*Id.* at 23.

[98/]*Id.* at 35.

[99/]*Id.* at 36.

-16-

Case No. 1:15-CV-00564
Gwin, J.

according to the demands of the understaffed stores.[100/] Hill did not evaluate other employees. Hill

did not determine the techniques, materials or supplies to be used at the concepts, or the products

to be sold. Hill did not plan the budget and did not monitor legal compliance measures.

Like the other Plaintiffs, the record contains some evidence that Hill performed managerial

duties while working for Defendants. However, Hill lacked authority in important managerial areas,

such as interviewing, evaluating, firing, disciplining employees, budgeting, and scheduling. This lack

of authority, the amount of time Hill spent performing manual tasks, and the manager's supervision

over any discretion outweigh the relatively unimportant managerial responsibilities that Hill had.

As a result Defendants do not show that Hill was a bona fide executive. Because the

executive exemption does not apply to Hill at the second prong of the test, the Court does not address

the remaining prongs. The Court **DENIES** Defendants' motion for summary judgment on this issue.

*Administrative Exemption to the FLSA Overtime Requirement*

Under 29 C.F.R. § 541.200, exempt administrative employees are those:

(1) [Who are c]ompensated on a salary or fee basis at a rate of not less than $455 per
week . . .
(2) Whose primary duty is the performance of office or non-manual work directly
related to the management or general business operations of the employer or the
employer's customers;[101/] and
(3) Whose primary duty includes the exercise of discretion and independent
judgment[102/] with respect to matters of significance.[103/]

Defendants bear the burden of proving that Plaintiffs are exempt from FLSA overtime

---

[100/]*Id.* at 35. ("[I would j]ust jump in and assist in getting drinks done . . . . Because there wasn't [sic] enough hourly workers to jump in").

[101/]*See* 29 C.F.R. § 541.201.

[102/]*See* 29 C.F.R. § 541.202.

[103/]*See id.*

Case No. 1:15-CV-00564
Gwin, J.

requirements.[104] To meet this burden Defendants must show that each Plaintiff meets every aspect of the administrative exemption.[105] Furthermore, "exemptions from FLSA's coverage are narrowly construed against the employer who asserts them."[106] "[H]ow an employee spends his time is a question of fact, while the question of whether his activities fall within an exemption is a question of law."[107]

Ohio construes its state law exemptions to its overtime requirements in the same way that the FLSA does. Therefore, the Court's FLSA findings apply equally to Plaintiff Walls' claims under the Ohio Wage Act.[108]

### Plaintiff Walls is not an Administrative Employee

#### Primary Duty Performing Office or Non-Manual Work Directly Related to Management or General Business Operations

29 C.F.R. § 541.201 defines what types of work directly relate to management or general business operations for the purposes of the administrative exemption. These include "work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government

---

[104] *Hurt*, at *3 (citing *Mich. Ass'n of Governmental Employees v. Mich. Dep't of Corr.*, 992 F.2d 82, 83 (6th Cir. 1993)).

[105] *Id.* (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974)).

[106] *Id.* (citing *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)).

[107] *Reich v. Wyoming*, 993 F.2d 739, 741 (10th Cir. 1993); *see also Renfro v. In. Mich. Power Co.*, 233 F.Supp.2d 1174, 1180 (W.D. Mich. 2002); *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1226 (5th Cir. 1990) (stating that "the ultimate determination of whether an employee is exempt [is] properly characterized as a conclusion of law," even though "based on both historical fact and factual inferences"), *Stevens v. HMSHost Corp.*, No. 10-CV-3571, 2015 WL 4645734, at *3 (E.D.N.Y. Aug. 5, 2015).

[108] *Hurt v. Commerce Energy, Inc.*, No. 1:12-CV-00758, 2013 WL 4427257, at *3 (N.D. Ohio Aug. 15, 2013) (citing *Douglas v. Argo-Tech Corp.*, 113 F.3d 67 n. 2 (6th Cir. 1997) (noting that Ohio's wage and hour law "parallels the FLSA" and approaching the Ohio law and the FLSA in a "unitary fashion" is appropriate)).

Case No. 1:15-CV-00564
Gwin, J.

relations; computer network, internet and database administration; legal and regulatory compliance;

and similar activities."

As explained above, Plaintiff Walls spent the majority of his time performing manual tasks

for Defendants. Walls spent much of the remainder of his time performing non-manual office work.

However, this work, including printing forms and posting schedules, was not the kind of work

contemplated by 29 C.F.R. § 541.201.

Defendants did not authorize Walls to work in any of the areas listed in § 541.201 or similar

areas. Walls' work does not fit under § 541.201. Therefore the office work that Walls performed was

not "directly related to management or general business operations" for the purposes of the

administrative exemption to the overtime requirements of the FLSA. As a result the Court will not

address whether that kind of work was Walls' primary duty.

### Discretion in Matters of Significance

29 C.F.R. § 541.202 provides a partial list of factors to consider in determining whether an

employee acted with discretion on matters of significance, including:

> whether the employee has authority to formulate, affect, interpret, or implement
> management policies or operating practices; whether the employee carries out major
> assignments in conducting the operations of the business; whether the employee
> performs work that affects business operations to a substantial degree . . . ; whether
> the employee has authority to commit the employer in matters that have significant
> financial impact; whether the employee has authority to waive or deviate from
> established policies and procedures without prior approval; whether the employee has
> authority to negotiate and bind the company on significant matters; whether the
> employee provides consultation or expert advice to management; whether the
> employee is involved in planning long- or short-term business objectives; whether
> the employee investigates and resolves matters of significance on behalf of
> management; and whether the employee represents the company in handling
> complaints, arbitrating disputes or resolving grievances.

Walls could exercise discretion in some areas, such as by providing ratings for employees

Case No. 1:15-CV-00564
Gwin, J.

and taking notes during interviews. However, these are not matters of significance. Rather, Plaintiff Walls did not exercise discretion on significant matters as a normal part of his job. His ability to exercise discretion and independent judgment was limited, as explained above, by being consistently supervised by the store manager and needing store manager permission for managerial matters, including discipline.

Defendants assert that "Walls composed and submitted employee schedules, including his own . . . openly maintained that he had goals for the plaza . . . reviewed employee competencies and conducted evaluations . . . determined when and in which concepts he was best suited to work . . . [and] acted as the Store Manager for several months during 2013."[109] Defendants argue that as a result "Walls regularly exercised discretion and independent judgment on significant matters."[110] This argument loses.

First, Walls testified that the manager finalized the schedule and that he simply posted it.[111] Second, having goals for the travel plaza, without authorization to realize those goals, is not the same as "planning . . . business objectives," for an employer. Third, Walls' employee evaluations did not directly relate to hiring, firing, or any other matter of significance. Fourth, filling in at another travel plaza when it is short-staffed does not qualify as exercising discretion and independent judgment.[112] Finally, Walls never became a manager; he simply became the most senior employee at the travel plaza by default when the store manager left. This vacancy did not give Walls the discretion necessary to consider him a bona fide administrative employee.

In sum, Defendants do not show that Walls exercised the discretion needed to be an

---

[109] Doc. 24-1 at 3.

[110] Id.

[111] Doc. 24-3 at 36.

[112] Id. at 36–37.

Case No. 1:15-CV-00564
Gwin, J.

administrative employee. As under the executive exemption analysis, Walls spent most of his time performing manual labor. Walls did not spend the remaining time in the "performance of office or non-manual work directly related to the management or general business operations of the employer [involving] the exercise of discretion and independent judgment with respect to matters of significance." The Court **DENIES** Defendants' motion for summary judgment on this issue.

<u>Plaintiff Stiger is not an Administrative Employee</u>

**Primary Duty Performing Office or Non-manual Work Directly Related
to Management or General Business Operations**

Defendants argue that Stiger is exempt from FLSA overtime requirements because she was an administrative employee. As explained above with respect to Plaintiff Walls, Defendants must show that Stiger's "primary duty [was] the performance of office or non-manual work directly related to the management or general business operations of" Defendants.[113]/ Defendants do not show that Stiger's primary duty was such work.

Defendants claim that Stiger was involved in "checking and maintaining inventory and stock; conducting interviews of new hire candidates; composing and issuing discipline for employees; and reviewing sales plans."[114]/ However, these types of responsibilities do not fit within the § 541.201 factors.

The tasks that Defendants cite to support their argument are either misleading or not relevant to the administrative exemption. For example, when Defendants say that Stiger reviewed sales plans, they refer to parts of Stiger's deposition where she testified that her general manager asked her to

---

[113]/29 C.F.R. § 541.200.
[114]/Doc. 25-2 at 15–16 (internal citations omitted).

Case No. 1:15-CV-00564
Gwin, J.

do a sales plan. She testified that she had never been asked to do one before, did not know what a sales plan was, had no training on the matter, and probably did not complete the assignment."[115] An isolated instance such as this one does not make Stiger's primary duty "finance; accounting; budgeting," or any other area in § 541.201.[116]

Likewise, the other tasks that Defendants reference do not fit within the scope of § 541.201. Stiger's general manager delegated these tasks to Stiger. The tasks were designed to facilitate the job of the general manager, not to give any authority to Stiger. Checking stock, conducting screening interviews, and drafting discipline write-ups, without the authority to act on them, is more maintenance than managerial. Defendants do not show show that Stiger's work was directly related to management or the business operations of Defendants. As a result, the Court does not address whether that kind of work was Stiger's primary duty.

### Discretion in Matters of Significance

Defendants make essentially the same arguments regarding Stiger's exercise of discretion as they did regarding Plaintiff Walls' exercise of discretion. Defendants claim that "Stiger composed and submitted employee schedules, reviewed employee competencies and conducted evaluations, documented and determined employee discipline, and enforced Host policies," and argue that "Stiger regularly exercised discretion and independent judgment on significant matters."[117]

As explained above, a general manager supervised Plaintiff Stiger and Stiger had little to no authority or discretion in any of her decision-making. Furthermore, the tasks that Defendants cite are

---

[115] *Id.* at 44.
[116] 29 C.F.R. § 541.201.
[117] Doc. 25-1 at 16 (internal citations omitted).

Case No. 1:15-CV-00564
Gwin, J.

not matters of significance to Defendants' business operations.[118] Therefore, Defendants do not show

that Stiger exercised discretion and independent judgment with respect to matters of significance.

Defendants do not show that Stiger is exempt as an administrative employee. The Court **DENIES**

Defendants' motion for summary judgment on this issue.


Plaintiff Sexton is not an Administrative Employee

**Primary Duty Performing Office or Non-Manual Work Directly Related
to Management or General Business Operations**

Defendants also argue that Sexton is exempt from FLSA overtime requirements because she

is an administrative employee. As explained above with respect to Plaintiff Walls, Defendants must

show that Sexton's "primary duty [was] the performance of office or non-manual work directly

related to the management or general business operations of" Defendants.[119] Defendants do not meet

this burden.

Defendants claim that because Sexton was involved in "checking and maintaining inventory

and stock and following up directly with the vendors . . . conducting interviews of new hire

candidates; reviewing sales plans; and drafting schedules" that Sexton's work was directly related

to management or the business operations of Defendants.[120]

However, as explained with regard to Plaintiff Stiger, these types of responsibilities do not

fit within the § 541.201 factors. In other words, the tasks that Defendants cite are not directly related

to relevant determining business operations. As a result, the Court does  not address whether that

kind of work was Sexton's primary duty.

_____

[118]*See* 29 C.F.R. § 541.202(b).
[119]29 C.F.R. § 541.200.
[120]Doc. 27-1 at 13–14 (internal citations omitted).

-23-

Case No. 1:15-CV-00564
Gwin, J.

### Discretion in Matters of Significance

As with Plaintiffs Walls and Stiger, Defendants argue that because "Sexton composed and submitted employee schedules, reviewed employee competencies and conducted evaluations, documented and determined employee discipline, and maintained and ordered more product and inventory," that "Sexton regularly exercised discretion and independent judgment on significant matters."[121/]

For the same reasons as those regarding Plaintiffs Walls and Stiger, Defendants have not shown that the tasks Sexton performed are matters of significance within the meaning of § 541.202(b). Therefore, Defendants do not show that Sexton is exempt as an administrative employee. The Court **DENIES** Defendants' motion for summary judgment on this issue.

Plaintiff Hill is not an Administrative Employee

### Primary Duty Performing Office or Non-Manual Work Directly Related to Management or General Business Operations

Defendants argue that Hill is exempt from FLSA overtime requirements because he was an administrative employee. As explained above with respect to the other Plaintiffs, Defendants must show that Hill's "primary duty [was] the performance of office or non-manual work directly related to the management or general business operations of [Defendants]."[122/] Defendants do not show that Hill's primary duty was such work.

Defendants claim that because Hill "was charged with functions such as directing the employees, determining where to spend his own time . . . predicting and controlling product and

---

[121/]*Id.* at 14.
[122/]29 C.F.R. § 541.200.

-24-

Case No. 1:15-CV-00564
Gwin, J.

labor costs . . . made a variety of decisions regarding his own management style, leadership decisions involving employees, prioritizing work, and making minute-by-minute decisions regarding the operation of the business," that Hill's work was directly related to management or the business operations of Defendants.[123]

Taking the evidence in the light most favorable to Plaintiff Hill, Hill was not in charge of "controlling product and labor costs." That characterization of Hill's work does not find support in the portions of Hill's deposition that Defendants cite.

The remaining types of responsibilities that Defendants cite do not fit within the § 541.201 factors. In other words, the tasks that Defendants cite are not directly related to business operations relevant to the administrative exemption.  As a result, the Court does not address whether that kind of work was Hill's primary duty.

### Discretion in Matters of Significance

Defendants do not make a separate argument as to how Hill's primary duty involved the exercise of discretion in matters of significance.[124] However, a review of Hill's deposition testimony shows that Hill did not perform work on matters of significance within the meaning of § 541.202(b). For example, Hill did not carry out "major assignments in conducting the operations of the business," or affect "business operations to a substantial degree" while working for Defendants.[125] Therefore, Defendants does not show that Sexton is exempt as an administrative employee. The Court **DENIES** Defendants' motion for summary judgment on this issue.

---

[123]/Doc. 26-1 at 16 (internal citations omitted).
[124]/*See id.*
[125]/29 C.F.R. § 541.202.

Case No. 1:15-CV-00564
Gwin, J.

## V. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion for summary judgment

as to all Plaintiffs.


IT IS SO ORDERED.



Dated: October 7, 2015.                                    s/        *James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE